UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20604-cr-ALTONAGA

UNITED STATES OF AMERICA,

v.

UVER ANGEL GARCIA MARQUEZ,

      Defendant.

_____/

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

The United States hereby responds to Uver Angel GARCIA MARQUEZ's (GARCIA) motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), considering Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.) which applies to defendants with zero criminal history points. GARCIA is not eligible because he already received relief.

### OFFENSE CONDUCT AND COURSE OF PROCEEDINGS

At various times throughout 2016 and 2017, GARCIA conspired with several other defendants to possess with intent to distribute multi-kilogram quantities of cocaine from Colombia to countries in Central America. *See generally* Pre-Sentence Investigation Report (PSI). Throughout the conspiracy, GARCIA's phone conversations were intercepted multiple times while speaking with co-conspirators about the logistics of the operation. *Id.* During one such intercepted phone call, GARCIA was referred to as the "logistics man" by one of his co-conspirators. *Id.* at ¶ 18. Due to his role in the conspiracy, GARCIA was found responsible for at least 2,122 kilograms of cocaine. *Id.* at 40.

On March 4, 2024, the defendant pled guilty to Count Two of a four-count Superseding Indictment, which charged him with conspiracy to distribute five kilograms or more of cocaine knowing it would be imported into the United States, in violation of 21 U.S.C. § 963. *Id.* at ¶ 1 The remaining charges against him were dropped pursuant to a written plea agreement. *Id.* at ¶ 2.

Prior to sentencing, the United States Probation Office, prepared the PSI. In the report, GARCIA was assessed a base offense level of 38. *Id.* at ¶ 49. Due to his managerial role, two levels were added to his base level, yielding a subtotal of 40. However, because he took responsibility for his actions, he had three levels subtracted from his subtotal, yielding a total offense level of 37. *Id.* at ¶ 52, 58. Garcia also had zero criminal history points, thereby yielding a criminal history category of I. *Id.* at ¶ 61. Given a total offense level of 37 and a criminal history category of I, GARCIA's advisory guideline range was 210-262 months. *Id.* at ¶ 91. However, the Probation Office noted that a variance may be warranted to avoid sentencing disparities. *Id.* at ¶ 103. According to the Probation Office, the average sentence given to those convicted in the five years prior to GARCIA's sentencing under the same primary guideline, and with the same Final Offense Level and Criminal History category was 113 months. *Id.* The median length was 120 months. *Id.*

On July 8, 2024, the Court sentenced GARCIA to 98 months incarceration, followed by 5 years of supervised release. DE 318. The Court found that GARCIA did not merit the two-level upward adjustment for his aggravating role in the offense under § 3B1.1. *See* Statement of Reasons at 1. Without the aggravating role adjustment, GARCIA became eligible for the two-level "safety-valve" reduction pursuant to § 5C1.2, and the

two-level downward adjustment for being a zero-point offender. *Id.* As a result, GARCIA's adjusted total offense level was 31; with a criminal history category of I, his U.S.S.G. range was 108-135 months. *Id.* The Court also granted an additional 10-month downward variance, in part to avoid sentencing disparities with GARCIA's co-defendants. *Id.* at 4.

GARCIA is serving his sentence at Fort Dix FCI with an anticipated release date of February 22, 2029. *See* BOP Inmate Locator, Register Number 12342-506, available at www.bop.gov/inmateloc/. He has served approximately thirty-seven months and has no disciplinary history while incarcerated.

## **LEGAL STANDARD**

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id.* at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements. *Id.* The applicable policy

statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors, *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

## **LEGAL ANALYSIS**

GARCIA appears to seek relief based on the zero-point offenders amendment[1]. This provision "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf. Specifically, a defendant must not have received any criminal history points from Chapter Four, Part A, and meet numerous other requirements to be eligible for relief under U.S.S.G. § 4C1.1.

However, GARCIA is not eligible for the reduction, because as stated above, he already received relief.  Even if GARCIA had not already received the zero-point offender reduction, his current sentence is below the minimum amended sentencing range under

---

[1] GARCIA briefly mentioned Amendment 782 of the Sentencing Guidelines, which lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by 2 levels. However, that Amendment became effective on November 1, 2014, and all defendants sentenced after that date, including GARCIA, automatically received the benefit of Amendment 782.

GARCIA also briefly mentioned status points, which he did not receive, as a zero-point offender. Accordingly, he is ineligible for relief under § 4A1.1's status-point-rules.

Amendment 821. GARCIA's original total offense level at the time of sentencing was 37, with a corresponding advisory range of 210-262 months. GARCIA would only have been eligible for the reduction if he did not receive an aggravating role, as this Court found. However, even after applying the safety-valve and zero-point offender reductions, GARCIA's U.S.S.G. range was 108-135 months, and GARCIA was ultimately sentenced to 98 months, below the applicable minimum range.

Accordingly, GARCIA is not eligible for relief. Because he is ineligible for relief, the Court does not need to consider the 18 U.S.C. § 3553(a) factors to determine if it will exercise its discretion.

## CONCLUSION

Based on the foregoing, this Court should deny GARCIA's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:  *s/Susan Osborne*[2],
SUSAN OSBORNE
Assistant United States Attorney
Court Identification No: A5500797
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1003
Email: Susan.Osborne@usdoj.gov

---

2 The government thanks legal intern Alan Noriega, who assisted in the drafting of this response.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and will cause a copy to be mailed to: Uver Angel Garcia Marquez, Reg. No. 12342-506, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

*s/ Susan Osborne*
SUSAN OSBORNE
Assistant United States Attorney