UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
(Miami- Division)

FILED BY [signature] D.C.
NOV 02 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UVER ANGEL GARCIA-MARQUEZ

Defendant,

Case No.1:17-CR-20604-CMA-5
(Honorable Chief Judge Cecilia M. Altonaga)

v.

UNITED STATES OF AMERICA

Respondent.

MOTION TO COMPEL THE UNITED STATES GOVERNMENT TO FILE A RULE 35(b)F.R.C.P. MOTION TO REDUCE SENTENCE. TO THE HONORABLE CHIEF JUDGE CECILIA M. ALTONAGA.

COMES NOW, UVER ANGEL GARCIA-MARQUEZ, Defendant, Pro-Se, and hereby files this MOTION REQUESTING RESPECTFULLY THE COURT TO INSTRUCT THE GOVERNMENT TO COMPLY WITH ITS OBLIGATIONS FOR COOPERATION, WITNESS OBLIGATIONS AND CONTRACT WITH THE DEFENDANT UNDER FED.R.CRIM.P. 35(b), in support thereof, Defendant respectfully submits the following: This Court is respectfully reminded that Defendant is proceeding Pro-Se and expects that his pleadings will be liberally construed under Haines v. Kerner,404 U.S. 519,520,92 S. Ct 594,30 L.Ed.2d 652(1972).

## BACKGROUND AND ARGUMENT

1. Petitioner is currently incarcerated at FCI Fort Dix, Federal Correctional Institution. At MDL Joint Base, NJ 08640. Petitioner is serving a 98 months' term of incarceration with the US Bureau of Prisons; Petitioner has been incarcerated since July 22,2022 with a tentative release date of August 11,2028 (Via GCT Accreditation). Petitioner has an intense Supervised Release Period of 60 months.
2. Petitioner was convicted of one count, Title 21 U.S.C. § 963 (b)(1)(b)(ii) Conspiracy to Distribute a controlled substance knowing or having reasonably cause to believe that the controlled substance would be unlawfully imported to United States (Count 2).
3. On July 8,2024 Defendant was sentenced to 96 months in prison followed by five years of supervised release.
4. The Defendant respectfully moves this Honorable Court to grant this motion due to evidence, that Defendant supplied "essential cooperation" helping the United States Government as part of his plea agreement and cooperation agreement.

   Defendant's cooperation began after his arrest six months before he got extradited to the United States in May 2023 when he met with DEA agents in a cooperation agreement to solve his judicial situation and with the purpose to ameliorate his judicial situation. Defendant cooperation and substantial assistance since that first moment and through all the pre-trial and post-sentencing period, has been very sincere, fruitful and truthful, even putting in risk Defendant's and my family life's.
5. The Defendant cooperated with the Government as he agreed to do and, Defendant meet with his Attorney as agreed and provides the Government with evidence about other Defendants in various meetings. Risking not only his life, but also the lives of

his family members. He always acted in "Good Faith" and clearly, he did provide substantial and fruitful assistance to the United States Government.

6. Defendant signed a Plea Agreement (Contract) with the United States Government specifically with AUSA Ms. Vigilance under the following conditions:

"IO. Cooperation-Substantial Assistance to be Considered
Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5KI .1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing Defendant's Initials 8 A C 6 of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Southern District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise."

7. (Please See Plea Agreement Paragraph # 10 about Cooperation Agreement by the Defendant and the United States Government)).

8. Petitioner affirms that he has fulfilled with his Part in the Plea Agreement Contract and request always very respectfully that the AUSA Mrs. Michelle Vigilance in representation of the United States Government fulfill its Part of the Contract.

   As a reminder of all Defendant's cooperation and substantial assistance Defendant makes a brief recount of this to the Court, expecting as it was established in the Plea Agreement Contract and during all the process and the sentencing hearing that Defendant will be rewarded with a resentencing (down departure) for his cooperation:

9. Defendant rendered the following cooperation and substantial assistance to the United States Government:

   Defendant's cooperation began around May of2023, six months after he was arrested and he met with Government agents in that specific moment. Defendant cooperated fully with regard to this case and other matters. Defendant gave all the information and details that led to the arrest of a person. The person arrested and prosecuted in the United States Court was the following: SEGUNDO AGENOR GUERRERO-BANGUERA Case No. 1:18-cr-20347-BB-1, from the SOUTHERN DISTRICT OF FLORIDA(Miami-Division) this person was sentenced at the United States District Court from the Southern District of Florida to 65 months of federal prison. (Please See Attachment, Judgement of the Sentence FOR Mr. Guerrero-Banguera)

   As it is shown to this Honorable Court Petitioner rendered all this cooperation and substantial assistance to the United States Government and it was fruitful and truthful as the final results show it, this person was arrested and plead guilty and was sentenced to 65 months of federal time in prison,

10. Petitioner also would like to emphasize about the risk that Petitioner took including his family in getting in all this agreement of cooperation and substantial assistance with the United States Government and that he took this decision as the best choice to help the United States Government and to ameliorate his legal situation. Therefore, your Honor Petitioner ask you very respectfully to request the United States Government a sentence reduction Motion under Rule 35(b) based on his cooperation and substantial assistance to the United States Government. Please your Honor you may check and confirm all the cooperation above mentioned with the Government Agents in Charge of my investigation in Miami, FL.

**In ruling on post-sentence motions for sentence reduction based upon the Defendant's substantive assistance after sentencing, District Courts may consider factors set out in relevant sentencing guidelines in determining appropriate reduction, including the nature, extent, usefulness, timeliness of the Defendant's assistance, truthfulness, completeness and reliability of his information and finally the impact of assistance on the Defendant's and his family. Fed R. Crim. P. 35(b).**

11. The Defendant argues that he is entitled to a good faith review because the Defendant did provide substantial assistance in the case and prosecution of other targets within the Drug trade.

12. Petitioner tried to contact the AUSA in charge of his case Mrs. Michele Vigilance and send her a letter requesting his sentence reduction trough Rule 35(b) F.R.C.P. on March 12,2026 without having any answer, (Please See Letter Attachment to this motion).

MEMORANDUM OF LAW

**Rule 35(b)(1) allows the sentencing Judge upon Government's Motion made within one year of sentencing to reduce a sentence if the Defendant before or after sentencing provided substantial assistance in investigating, arresting or prosecuting another person.**

**Rule 35(b)(2)(B) Later Motion. Upon the Government's Motion made more than one year after sentencing, the Court may reduce a sentence if the Defendant Substantial assistance involved:**

**(B) Information provided by Defendant to Government within one year of sentencing, but which did not become useful to United States Government until more than one year after sentencing. "In evaluating whether the Defendant has provided Substantial assistance, the Court may consider the Defendant's pre-sentence assistance." Fed. R, Crim. Pro. 35 (3).**

"Substantial assistance" generally requires that Defendant's assistance has yielded results that are useful to the United States Government (as in this instant case) not merely that the Defendant expended substantial efforts or good faith in attempting to assist" Please see United States v. Gonsalvez, 121 F.3d 1416,1419, (11th Cir.1997). "The extent of such a downward departure should be based solely on a Defendant's assistance to Law Enforcement." United States v. Mangaroo, 504 F.3d 1350, 1355 (11th Cir.2007).

When considering a down departure, the Court should consider the following factors: (1). The Court's evaluation of the significance and usefulness of the Defendant's assistance, taking into consideration the Government's evaluation of the assistance rendered. (2). The truthfulness, completeness and reliability of any

information or testimony provided by the Defendant; (3). The nature and extent of the Defendant's assistance; (4). Any injury suffered, or any danger or risk of injury to the Defendant or his Family resulting from his assistance; and (5). The timeliness of the Defendant' assistance." USSG § 5K1.1.

(A). Please See also. United States v. Mangaroo,504 F.3d 1350, 1355 (11th Cir.2007).

As referenced above, Defendant provided truthful, timely cooperation and substantial assistance that significantly contributed to the Investigation, arrest and prosecution of other member of this drug trafficking conspiracy who played a major role in committing this crime as it was widely explained and detailed above. Given the nature of this conspiracy and the well-documented history of violence within the international drug trade the Defendant and his Family are in, some respect, exposed to the risk of harm due to Defendant's cooperation and substantial assistance, Defendant knowing all this risk took the right decision and did cooperate with the United States Government always thinking to ameliorate his judicial situation.

Finally, although a trial was ultimately unnecessary, Defendant willingness to testify, if needed and the substantial assistance provided to the United States Government in obtaining convictions against these conspiracy members who him previously informed and identified.

## CONCLUSION

WHEREFORE, Defendant respectfully request that this Honorable Court investigate the argument and facts above exposed by Defendant and confirm and certify that everything Defendant is arguing is truthful, and instruct the United

States Government to fulfill with its obligation under Federal Rule of Criminal Procedure 35(b) and grant Defendant a Motion to reduce his sentence into this Honorable Court to get resentenced. Also, if the Court considers necessary to hold a hearing to develop the facts before mentioned and request a sentence reduction on Defendant's behalf, Defendant will be always willing and apt to be present in Court, also ask this Honorable Court to grant any other relief that this Court deems proper, necessary and just.

Respectfully Submitted,

UVER ANGEL GARCIA-MARQUEZ
Register No.12342-506
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

CERTIFICATE OF SERVICE

I, UVER ANGEL GARCIA-MARQUEZ, HEREBY CERTIFY, that a true and correct copy of the foregoing was placed in the legal mail-box, with proper first- class postage affixed, addressed to the office of the U.S. Attorney's, at 99 NE 4th Street, Miami, FL 33132, on this 22TH day of October, 2026.

Respectfully Submitted,

08013586

UVER ANGEL GARCIA-MARQUEZ
Register No.12342-506
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

UVER ANGEL GARCIA-MARQUEZ
Register No.12342-506
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

TO:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami-Division)
400 North Miami Avenue
Miami, FL 33128

## ATTACHMENTS TO MOTION FOR RULE 35(b)

### PARRAGRAPH 10 OF THE PLEA AGREEMENT

10. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that she that she will not commit any further crimes.

### PARRAGRAPH 11 OF THE PLEA AGREEMENT

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as

to warrant the Court's downward departure from the advisory sentencing range calculated under
the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may
make a motion prior to sentencing pursuant to Section SKI.I of the Sentencing Guidelines and/or
Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of
the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided
substantial assistance and recommending that the defendant's sentence be reduced. The
defendant understands and agrees, however, that nothing in this agreement requires this Office to
file any such motions, and that this Office's assessment of the quality and significance of the
defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing
or non-filing of a motion to reduce sentence.

ANGEL Garcia Marquez
Jo 12342-506
Fort Dix
al correctional Institution
. Box 2000 joint Base
-, NJ 08640

Retail

U.S. POSTAGE PAID
FCM LG ENV
PORT RICHEY, FL 34668
OCT 26, 2026

33128

$2.27

RDC 99

S2322M500336-10

To: clerck of court United States Distric court For The southern District of florida (Miami-Division
400 North Miami Ave
Miami FL 33128

REC'D BY ______ D.C.
NOV 02 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Mail. Privileged mail